IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 6:23-CR 00045-JCB-JDL |
| | § | |
| JUDDSON CHARLES CULPEPPER | § | |

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Count 1

VIOLATION:   18 U.S.C. § 371
(Conspiracy to Commit Wire Fraud, 18
U.S.C. § 1343).

INTRODUCTION

At all times relevant to this Information:

1. Tanos Exploration II LLC (Tanos) was an independent oil and natural gas company, primarily providing exploration and drilling services in East Texas.   Tanos's primary offices were located in Smith County, Texas.   A significant portion of Tanos's business involved locating oil and gas reservoirs, acquiring the legal rights to drill wells by purchasing or leasing minerals within those reservoirs, and extracting and producing oil and gas for profit.   Among other interests, Tanos had active oil and gas interests in reservoirs in Harrison County, Texas.

2. Co-conspirator 1 was an employee at Tanos, working as a senior staff landman.   His responsibilities included general land management, securing oil and gas

leases, clearing title to mineral surface leaseholds, and oil and gas development. At all times, Co-Conspirator 1 was subject to an employment agreement with Tanos that required him to protect Tanos's confidential and proprietary information.

3. Walton Mosher Royalty Company (WMRC) was a Delaware company owned by Defendant, **Juddson Charles Culpepper**, and Co-Conspirators 2, 3, and 4. WMRC was established for the purpose of acquiring oil and gas mineral interests and selling or leasing those interests to others.

## CONSPIRACY

4. Beginning on a date unknown to the grand jury, but at least by on or about October 1, 2019, and continuing thereafter until at least in or about July 2021, in Smith County, in the Eastern District of Texas and elsewhere, **Juddson Charles Culpepper**, defendant herein, did willfully, unlawfully and knowingly combine, conspire, confederate and agree with others both known and unknown to the grand jury, including Co-Conspirators 1, 2, 3, and 4, to commit offenses against the United States, to-wit: to knowingly execute and attempt to execute a scheme to defraud and obtain money, funds, and other property by means of false and fraudulent pretenses and representations, in violation of 18 U.S.C. § 1343.

## MANNER AND MEANS

It was part of the conspiracy that Co-Conspirator 1 would unlawfully provide to other conspirators confidential and proprietary information of Tanos, including "trade secrets," as that term is defined at Tex. Civ. Prac. & Rem. Code § 134A.002. The Co-

Conspirators, including Defendant, **Juddson Charles Culpepper**, would then use that information to acquire oil and gas mineral interests that Tanos could have acquired, to the benefit of the co-conspirators and the detriment of Tanos.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Texas and elsewhere:

(1)   On or about October 17, 2019, Co-Conspirator 1, using a cellular telephone, texted defendant, **Juddson Charles Culpepper,** about information Co-Conspirator 1 received from an employee at Tanos, specifically, that Bank of Oklahoma Financial (BOK), located in Tulsa, Oklahoma, was managing a trust and that the trust properties include mineral interests in an area where Tanos had active oil and gas drilling operations.   BOK had inquired whether Tanos was interested in acquiring the mineral interests.   The information was provided to Co-Conspirator 1 for the purpose of determining whether Tanos should consider acquiring the proffered mineral interests.

(2)   On or about October 21, 2019, one of the Co-Conspirators, representing himself as "Thomas Fowler," on behalf of WMRC, contacted BOK using email in interstate commerce about purchasing the interests.   "Thomas Fowler" was a fictitious alias created by Co-Conspirators 2, 3, and 4, and Defendant, **Juddson Charles Culpepper**.

(3)   On or about October 25, 2019, one of the Co-Conspirators, representing

himself as "Thomas Fowler," using a cellular telephone, contacted one of the parties identified by BOK as having mineral interests for sale.

(4)   Between on or about October 29, 2019, and December 12, 2019, one or more of the Co-Conspirators acquired the interests on behalf of WMRC.

(5)   On or about December 9, 2019, and January 21, 2020, one or more of the Co-Conspirators, acting as "Thomas Fowler," in an email, forwarded to Tanos copies of deeds reflecting WMRC's acquisition of the mineral interests.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing the foregoing offenses alleged in this indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations; and

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

**Cash Proceeds**

A sum of money equal to $22,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense(s) alleged in this indictment, for which the defendant is personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act

**Information, Page  4**

or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with a third person;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and is hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2428(a)(1) and 28 U.S.C. § 2461(c).

        Respectfully submitted,

        BRIT FEATHERSTON
        UNITED STATES ATTORNEY

        */s/ Alan R. Jackson*
        ALAN R. JACKSON
        Assistant United States Attorney
        Texas Bar No. 10453300
        110 N. College, Ste. 700
        Tyler, Texas 75702
        (903) 590-1400
        (903) 590-1436 (fax)
        Alan.Jackson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 6:23-CR____ |
| | § | |
| JUDDSON CHARLES CULPEPPER (01) | § | |

## NOTICE OF PENALTY

### Count 1

Violation:   18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1343).

Penalty:   A fine of not more than $250,000; imprisonment for not more than five (5) years; a term of supervised release of not more than three (3) years.

Special Assessment: $100.00

**Information, Page  6**